COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-052-CR
  
  
MARC 
ALLEN MIKEL                                                              APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        After 
pleading not guilty, Appellant Marc Allen Mikel (“Mikel”) was convicted of 
the misdemeanor offense of failure to identify. The trial court sentenced Mikel 
to seventy-five days’ confinement in the county jail and assessed a $100 fine. 
In two points, Mikel contends that (1) the evidence was legally insufficient to 
support the conviction and (2) the trial court erred in denying Mikel’s motion 
for an instructed verdict. We will reverse.
        On 
July 14, 2003, Mikel entered the lobby of the Denton County Sheriff’s office 
in order to file a welfare concern report on his children, who were in his 
ex-wife’s custody. Deputy Ryan Robertson of the Denton County Sheriff’s 
office asked Mikel for his name and date of birth. In response, Mikel provided a 
false last name and date of birth.[2]  Later that 
day, Mikel identified himself to Deputy Robertson with his correct name and date 
of birth. Deputy Robertson then arrested Mikel for failure to identify.
        A 
person commits an offense of failure to identify if he intentionally gives a 
false or fictitious name, residence address, or date of birth to a peace officer 
who has (1) lawfully arrested or detained the person or (2) requested the 
information from a person that the peace officer had good cause to believe is a 
witness to a criminal offense. Tex. 
Penal. Code Ann. § 38.02(b) (Vernon Supp. 2004–05).
        Mikel 
contends that the evidence is legally insufficient to sustain his conviction for 
failure to identify and that the trial court erred by denying his motion for 
instructed verdict. Specifically, he argues that there was no evidence that he 
was legally detained by Deputy Robertson or that Deputy Robertson had good cause 
to believe that Mikel was a witness to a criminal offense. The State, in its 
brief, confesses error and agrees with Mikel’s contention that the evidence is 
legally insufficient to support his conviction for failure to identify. The 
State explains that it is unable to locate any authority to support an argument 
that Mikel was detained within the meaning of the statute at the time he gave 
the false information. Without proof that Mikel was either lawfully arrested, 
lawfully detained, or a witness to a criminal offense, a rational jury could not 
have found beyond a reasonable doubt each element of the charged offense. See 
id. Therefore, we sustain Mikel’s first point, reverse the cause, and 
order a judgment of acquittal.[3]
  
 
                                                          PER 
CURIAM
  
  
PANEL 
F:   WALKER, DAUPHINOT, and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 31, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Deputy Robertson testified that Mikel initially spelled his name M-a-r-k M-i-c-h-a-e-l 
and gave a date of birth of 12-25-62. It was later confirmed that Mikel’s name 
is spelled M-a-r-c M-i-k-e-l and his date of birth is 12-05-62.
3.  
Because our holding regarding Mikel’s first point disposes of this appeal, we 
need not reach Mikel’s remaining point. See Tex. R. App. P. 47.1.